# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 21-4502

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*vs.*

JANE IVISON GILL,

*Defendant-Appellant.*

On Appeal from an Order of Detention from the
U.S. District Court for the Western District of North Carolina
D. Ct. No. 1:21-cr-00070-MR-WMC-12
Hon. Martin Reidinger, *Chief U.S. District Judge*

**Opening Memorandum Brief for
Jane Ivison Gill**

Howard W. Anderson III
LAW OFFICE OF
HOWARD W. ANDERSON III, LLC
P.O. Box 661
Pendleton, SC 29633-0851
864-643-5790
howard@hwalawfirm.com
*CJA Counsel*

# Table of Contents

Table of Contents to Informal Appendix ..................................................... ii

Table of Authorities ................................................................................... iii

Issues Presented ........................................................................................... 2

Statement of the Case .................................................................................. 3

    I.    The Indictment .................................................................................. 3

    II.   The Detention Hearing ..................................................................... 3

        A. The Pretrial Services Report Recommending Release ............. 3

        B. The Case Agent's Testimony .................................................... 4

    III.  The Order of Detention .................................................................... 6

    IV.  The Appeal to the District Court ..................................................... 6

Summary of Argument ................................................................................. 6

Standard of Review ...................................................................................... 7

Argument ...................................................................................................... 7

    I.    Ms. Gill Satisfied Her Burden of Production .................................. 8

    II.   The Government Failed to Prove the Need for Detention. .......... 10

        *1.    The Government Failed to Prove that Risk of Flight Authorized Detention.* ............................................................ 11

        *2.    The Government Failed to Prove that the Need to Protect Public Safety Authorized Detention.* ........................................ 12

Conclusion ................................................................................................. 14

Certificate of Compliance with Rule 32 .................................................... 16

Certificate of Service ................................................................................. 16

i

# TABLE OF CONTENTS TO INFORMAL APPENDIX

*Volume I (Public):*

District Court Docket Sheet ................................................................................. 001

Indictment [Dkt. 3] ................................................................................................ 007

Magistrate Judge's Order of Detention [Dkt. 111] ............................... 028

Transcript of Detention Hearing [Dkt. 165] ......................................... 031

Affirmance of Magistrate Judge's Detention Order [Dkt. 231] ............ 069

Notice of Appeal [Dkt. 233] ................................................................. 076

Certificate of Service ........................................................................ COS

*Volume II (Sealed):*

Pretrial Services Report [Dkt. 49] ........................................................ 089

Certificate of Service ........................................................................ COS

## TABLE OF AUTHORITIES

### Cases

*Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179 (4th Cir. 2000) ... 10

*Sellers v. United States*, 89 S. Ct. 36 (1968) ............................................. 8

*Stack v. Boyle*, 342 U.S. 1 (1951) ......................................................... 11

*United States v. Alston*, 420 F.2d 176 (D.C. Cir. 1969) ......................... 13

*United States v. Clark*, 865 F.2d 1433 (4th Cir. 1989) (*en banc*) ............ 7

*United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) ................. 6, 8

*United States v. Edson*, 487 F.2d 370 (1st Cir. 1973) ............................ 13

*United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) ............................... 9

*United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985) ..................... 6, 7, 9

*United States v. Luna*, No. 3:17-cr-00075-1, 2017 U.S. Dist. LEXIS 103053 (M.D. Tenn. July 3, 2017) ...................................................... 11

*United States v. McMath*, 559 F.3d 657 (7th Cir. 2009) .......................... 7

*United States v. Orta*, 760 F.2d 887 (8th Cir. 1985) (*en banc*) .............. 10

*United States v. Salerno*, 481 U.S. 739 (1987) ...................................... 14

### Statutes

18 U.S.C. § 3142 ................................................................. 8, 10, 11, 13

18 U.S.C. § 3145 ...................................................................................... 1

18 U.S.C. § 3231 ...................................................................................... 1

28 U.S.C. § 1291 ...................................................................................... 1

Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.* ............................................ 8

## Jurisdictional Statement

The U.S. District Court for the Western District of North Carolina had jurisdiction over this criminal action. 18 U.S.C. § 3231.

This Court has jurisdiction to hear Defendant-Appellant Jane Ivison Gill's appeal over the district court's order of detention. 18 U.S.C. § 3145; 28 U.S.C. § 1291.

This appeal is timely. The order affirming the magistrate judge's detention order was entered on September 20, 2021. [IA 069-75].[1] A notice of appeal to this Court was filed the same day. [IA 076].

---

[1] An informal appendix containing the relevant portions of the record has been prepared. The first, public volume is attached. A second, sealed volume has been separately filed. "IA" refers to the informal appendix.

1

## ISSUES PRESENTED

1. Especially where the Pretrial Services Officer had recommended release on conditions and where Defendant-Appellant Jane Gill had already been on a state bond without violation for approximately six months at the time of her arrest on the federal version of the state charges, did the district court err in concluding that Ms. Gill had failed to satisfy her burden of production that detention was not warranted?

2. If Ms. Gill did satisfy her burden of production, did the district court err in ordering detention?

## STATEMENT OF THE CASE

### I.   The Indictment

In August 2021, a grand jury in the Western District of North Carolina returned a multi-count, multi-defendant indictment. As to Defendant-Appellant Jane Gill, the grand jury charged her in three counts. One count alleged that she conspired with intent to distribute 500 g or more of a mixture or substance containing a detectable amount of methamphetamine. [IA 008]. Two substantive counts alleged possession with intent to distribute 50 g or more of actual methamphetamine in March 2020. [IA 0017-18].

### II.   The Detention Hearing

At the detention hearing, the magistrate judge received into evidence the report from the Pretrial Services Officer, which recommended release on an unsecured bond, and the testimony of the case agent.

#### A. The Pretrial Services Report Recommending Release

The Pretrial Services Report, admitted into evidence without objection, [IA 038], indicated that Ms. Gill had recently suffered a broken C-7 vertebrae in her neck in a car crash and that "[f]ollow-up care and im-

3

pending rehabilitation [were] required." [IA 092]. It indicated traffic convictions and a misdemeanor resisting charge in 2016. [IA 092]. She had pending state drug charges, which included a charge of fleeing, a pending attempted escape charge from April 2020, and a July 2021 pending traffic charge. [IA 096-97]. It also noted that she had been living in South Carolina for more than 25-years, with a stable family relationship. [IA 090]. Further, it noted that she lacks a passport and has never traveled abroad. [IA 091].

The Pretrial Services Officer, with the concurrence of her supervisor, recommended release on a $25,000 unsecured bond with certain conditions—which did not include GPS or curfew. [IA 097-98].

## B. The Case Agent's Testimony

At the hearing, the Government called the case agent to testify, who had investigated Ms. Gill, whom he identified as the person wearing a "neck brace" in the courtroom. [IA 039].

In brief, he testified that law enforcement arrested Ms. Gill in March 2020 after she left a drop-off point for methamphetamine. [IA 040]. Ms. Gill was allegedly not initially cooperative, resulting in a chase that

4

reached 80 mph and a brief struggle, following which drugs were recovered. [IA 041-42]. Cooperating sources indicated that Ms. Gill had sold them drugs, and a review of her bank records showed deposits believed to be drug proceeds. [IA 043-44].

Additionally, in April 2020, the agent testified that Ms. Gill allegedly tried to crawl through a ceiling tile at the jail and was thus charged with attempted escape. [IA 020].

On cross-examination, the agent confirmed that Ms. Gill was charged in state court with state versions of the federal charges. [IA 057]. And a state court judge, with knowledge of the supposed escape attempt, eventually granted her a bond.[2] Since posting her state bond, the agent admitted that she had complied with all bond conditions and that he had no proof of any criminal activity on her part since release. [IA 057-58]

---

[2] Ms. Gill was arrested in March 2020 on the state charges. She received a $100,000 secured bond on February 9, 2021.

5

## III. The Order of Detention

Despite her successful conduct on state bond and the Pretrial Services Officer's Recommendation of release, the magistrate judge ordered detention. *See also* [IA 028-030].

## IV. The Appeal to the District Court

Ms. Gill appealed her detention to the district judge, via an appeal filed one day after the order of detention. [*See* IA 005]. In a brief opinion, the district judge affirmed the order of detention, holding that the magistrate judge "properly concluded that the Defendant has not rebutted the presumption of detention." [IA 074].

## SUMMARY OF ARGUMENT

1. Although Ms. Gill's charges are the type of charges that trigger a presumption of detention, she satisfied her burden of production to rebut the statutory presumption. A defendant's burden of production "is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Only "some evidence" was needed that she is not a risk of danger or flight. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). She had that. The Pretrial Services Officer recommend her release. Further, she had been on a state bond without violation for six months before

6

her arrest on the federal version of the state charges. Accordingly, the court below erred as a matter of law.

2. Having rebutted the presumption in favor of detention, as she did, the Government failed its burden to prove by a preponderance that detention was needed. The Pretrial Services Officer recommended release. She had been successful on a bond for six months on the state version of the federal charges. And she is recovering from a broken C-7 vertebrae. Thus, the Government could not show risk of flight or, by the clear and convincing evidence required, that Ms. Gill would be a danger if released.

## STANDARD OF REVIEW

This Court reviews an order of detention for clear error. *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (*en banc*) (citation omitted). Mistakes of law satisfy that standard. *See United States v. McMath*, 559 F.3d 657, 663 n.2 (7th Cir. 2009) ("[A] mistake of law generally satisfies clear error…review." (citation omitted)).

## ARGUMENT

"The command of the Eighth Amendment that 'Excessive bail shall not be required . . .' *at the very least* obligates judges passing upon the right to bail to deny such relief only for the strongest of reasons." *Sellers v.*

*United States*, 89 S. Ct. 36 (1968) (order of Justice Black granting bail) (original emphasis). To protect that fundamental right of liberty before criminal conviction, Congress passed the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, which sets forth the standards for pretrial detention. As shown below, Ms. Gill satisfied her burden of production, thereby requiring the Government to prove the need for detention. It failed to do so.

## I. Ms. Gill Satisfied Her Burden of Production.

Under the Bail Reform Act, detention is only appropriate if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community…." 18 U.S.C. § 3142(e). Certain charges carry a presumption of detention, *see* 18 U.S.C. § 3142 (e)(3), including the charges that Ms. Gill faces, *see* [IA 008-09; 017-18]. But that statutory presumption of detention is just a presumption—not an inexorable command: The presumption is "[s]ubject to rebuttal." 18 U.S.C. § 3142(e)(3).

Ms. Gill easily cleared the low bar for her burden of production. A defendant's "burden of production [at a detention hearing] is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Only "some evidence" is needed that she is not a risk of danger or

8

flight. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). And she had that through the following, either alone or in combination.

First, following his investigation, the Pretrial Services Officer recommended an unsecured bond—without even GPS tracking or curfew—on these federal charges. [IA 097-98].

Second, a state judge considering the state version of these charges granted her a surety bond approximately six months before her federal arrest and, importantly, with knowledge of the alleged escape attempt from the jail. [IA 057].

Third, as the magistrate judge found, Ms. Gill had already been "on bond without incident for the last approximately six months." [IA 066]. [IA 057-58].

Accordingly, the district court clearly erred in finding that Ms. Gill had not "rebutted the presumption of detention" under the Bail Reform Act, [IA 073]. Given the district court's legal error, at a minimum this Court should vacate the order below and remand for reconsideration. *Compare United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (citation omitted) ("*Absent an error of law,* we must uphold a district court's

9

pretrial detention order if it is supported by the proceedings below, a deferential standard of review that we equate to the abuse-of-discretion standard." (emphasis added)), *with Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 200 (4th Cir. 2000) ("[A] material legal error by definition constitutes an abuse of discretion." (citation omitted)). But as shown below, it would appropriate for this Court to go even further—reversing the order and remanding with instructions to release Ms. Gill on appropriate conditions.

## II. The Government Failed to Prove the Need for Detention.

Once a presumption is rebutted—as it was below (or if the charges carried no presumption of detention)—detention is only authorized if the Government proves that release will not "reasonably assure the appearance of such person as required and the safety of any other person and the community…." 18 U.S.C. § 3142. "[T]he judicial officer cannot require more than an objectively reasonable assurance of community safety and the defendant's appearance at trial." *United States v. Orta*, 760 F.2d 887, 892 (8th Cir. 1985) (*en banc*). Absolute "guarantee[s]" are not part of the statutory scheme. *Id.*

As shown below, the record evidence failed to establish lawful basis for detention.

### 1. *The Government Failed to Prove that Risk of Flight Authorized Detention.*

The Government faces a difficult task in proving that *no* condition of release could ever "reasonably assure the appearance" of the defendant for trial, 18 U.S.C. § 3142. The loss of money is a good motivator for defendants. *Cf. Stack v. Boyle*, 342 U.S. 1, 5 (1951) ("[R]equiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment." (citations omitted)). And where the loss of mere money does not suffice, a surety can be required and/or a GPS ankle monitor can be required. *See, e.g., United States v. Luna*, No. 3:17-cr-00075-1, 2017 U.S. Dist. LEXIS 103053, at *14 (M.D. Tenn. July 3, 2017) (finding that "specific conditions of release that will directly address and mediate any threat of danger or risk of flight" including "home detention with GPS monitoring").

11

Here, despite the evidence against her, Ms. Gill—who lacks a passport and who has a stable home address—did not flee during the months that she had been on state bond. And this is not a case where she received a state bond on minor charges but faces serious federal charges. Rather, she faces twelve state felony charges related to this federal indictment. *See* [IA 096]. Despite what the court below termed "compelling evidence" [IA 073] against her, she did not flee in the months out on state bond. She is, however, even less of a flight risk now as she recovers from a broken neck—which needs rehabilitation therapy. *See* [IA 092]. Further, as everyone agrees, she has no passport or international travel history. *See* [IA 091].

The Government failed to prove that only detention could ensure that Ms. Gill will appear for trial. Release on conditions was, therefore, required.

### 2. *The Government Failed to Prove that the Need to Protect Public Safety Authorized Detention.*

While the Bail Reform Act authorizes detention to protect public safety, "[t]he facts the judicial officer uses to support a finding… that no condition or combination of conditions will reasonably assure the safety

12

of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2).

It is not at all clear whether, or if so, why, the district judge agreed with the magistrate that public-safety considerations also justified detention. *Compare* [IA 069-073], *with* [IA 029]. In affirming the order of detention, besides the chase incident to arrest and the incident at the jail prior to her state bond, the district judge only expressly discussed the nature and circumstances of the offense and the weight of evidence. Those latter two factors are irrelevant to public safety concerns. *E.g., United States v. Edson*, 487 F.2d 370, 372 (1st Cir. 1973) ("Until a defendant has been convicted, the nature of the offense, as well as the evidence of guilt, is to be considered only in terms of the likelihood of his making himself unavailable for trial.").[3]

In any event, no basis exists to justify detention on this ground. As even the magistrate judge found, Ms. Gill had been on bond "in the state

---

[3] *Accord United States v. Alston*, 420 F.2d 176, 179-80 (D.C. Cir. 1969) ("If one bears in mind that one is examining only the evidence against the accused, for purposes of considering prospect of flight, one is more likely to guard against the impermissible course of reaching some kind of partial determination of guilt and of beginning what is in substance a mandate of punishment.").

13

court system and that she [had] been out on bond without incident for the last approximately six months." [IA 066]. Six months without bond violations is more than sufficient to defeat the government's clear-and-convincing burden of proof.

## CONCLUSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This record does not justify placing Ms. Gill into that "carefully limited exception." *Id.* Accordingly, Ms. Gill respectfully requests that the Court reverse the order of detention and remand with instructions for the district court to release her on appropriate conditions. Alternatively, this Court should vacate the order of detention and remand with instructions to reconsider detention without regard to the presumption of detention, which Ms. Gill successfully rebutted.[4]

---

[4] Undersigned counsel respectfully submits that a published opinion would benefit the bench and the bar, especially regarding the proof needed to satisfy a defendant's burden of production in a detention hearing. This Circuit has scant published caselaw about the Bail Reform Act.

14

Dated: September 28, 2021, at Pendleton, South Carolina.

Respectfully submitted,

JANE IVISON GILL

s/Howard W. Anderson III
Howard W. Anderson III

Howard W. Anderson III
LAW OFFICE OF
HOWARD W. ANDERSON III, LLC
P.O. Box 661
Pendleton, SC 29633-0851
864-643-5790
howard@hwalawfirm.com

15

### CERTIFICATE OF COMPLIANCE WITH RULE 32

I hereby certify that this brief complies with the typeface requirement of Fed. R. App. Pro. 32(a)(5) because it was composed using MS Word's proportionally spaced Century Schoolbook typeface, with 14-point font.

I also certify that the brief complies with the type-volume limitation of Fed. R. App. Pro. 32(a)(7)(B) because it contains 2498 words.

s/Howard W. Anderson III<br>
Howard W. Anderson III

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Howard W. Anderson III<br>
Howard W. Anderson III