IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 21-4502

———————————

UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

JANE IVISON GILL,

*Defendant – Appellant.*

———————————

Appeal from the United States District Court
for the Western District of North Carolina

*The Honorable Martin Reidinger, Chief Judge*

———————————

MEMORANDUM BRIEF OF THE UNITED STATES

———————————

William T. Stetzer
Acting United States Attorney

Amy E. Ray
Assistant United States Attorney
United States Courthouse
100 Otis Street, Room 233
Asheville, North Carolina 28801
(828) 271-4661

*Attorneys for the United States of America*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................ii

JURISDICTIONAL STATEMENT ..........................................................1

ISSUE PRESENTED ....................................................................................1

STATEMENT OF THE CASE ....................................................................2

    A.    Gill distributes large quantities of methamphetamine, flees police when caught, and later tries to escape from the local jail ...........................................................................2

    B.    The district court orders Gill detained pretrial......................5

ARGUMENT

    The district court properly ordered Gill's pretrial detention ..........8

    A.    Standard of Review ................................................................8

    B.    Discussion.................................................................................9

CONCLUSION  ...........................................................................................17

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*United States v. Charboneau,*
  914 F.3d 906 (4th Cir. 2019) ................................................................8

*United States v. Clark,*
  865 F.2d 1433 (4th Cir. 1989) ...................................................8, 9, 11

*United States v. Dominguez,*
  783 F.2d 702 (7th Cir. 1986) ..............................................................16

*United States v. Harrison,*
  396 F.3d 1280 (2d Cir. 2005) ................................................................1

*United States v. Jessup,*
  757 F.2d 378 (1st Cir. 1985) ........................................................15, 16

*United States v. Singh,*
  No. 21-4249, 2021 WL 2623423 (4th Cir. June 25, 2021)......................8

*United States v. Stewart,*
  19 F. App'x 46 (4th Cir. 2001) .............................................................9

*United States v. Wooden,*
  693 F.3d 440 (4th Cir. 2012) ................................................................8

## Statutes

18 U.S.C. § 3142 ......................................................................................15

18 U.S.C. § 3142(e) ...................................................................................9

18 U.S.C. § 3142(g) ................................................. 10, 14, 15, 16

18 U.S.C. § 3142(g)(1) ........................................................... 10

18 U.S.C. § 3142(g)(2) ........................................................... 10

18 U.S.C. § 3142(g)(3) ........................................................... 11

18 U.S.C. § 3142(g)(3)(A) ...................................................... 11

18 U.S.C. § 3142(g)(4) ........................................................... 13

18 U.S.C. § 3145(c) ................................................................. 1

18 U.S.C. § 3231 ..................................................................... 1

21 U.S.C. § 801 ....................................................................... 6

21 U.S.C. § 841(a)(1) .............................................................. 5

21 U.S.C. § 841(b)(1)(A) ......................................................... 5

21 U.S.C. § 841(b)(1)(A)(viii) .............................................. 5, 14

21 U.S.C. § 846 ....................................................................... 5

28 U.S.C. § 1291 ..................................................................... 1

N.C. Gen. Stat. § 90-95(h)(3b)(b) .......................................... 14

## Rules

Federal Rule of Appellate Procedure § 4(b)(1)(A)(ii) ................................. 1

## **Other Authorities**

3B Charles Alan Wright et al.,
    *Federal Practice & Procedure* § 775 (4th ed.)......................................1

## JURISDICTIONAL STATEMENT

Jane Gill, who is charged in the Western District of North Carolina with four felony methamphetamine-trafficking offenses, appeals the district court's order requiring Gill's detention pending trial. The statute governing original jurisdiction in federal criminal matters, 18 U.S.C. § 3231, conferred jurisdiction on the district court (Hon. Martin K. Reidinger, J.). The district court's order of detention, filed on September 20, 2021, J.A. 75, "qualifies as a final order that may be appealed directly to this court." *United States v. Harrison*, 396 F.3d 1280, 1281 (2d Cir. 2005). Gill filed a notice of appeal on the same day, J.A. 76, which is timely under Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See* 3B Charles Alan Wright et al., *Federal Practice & Procedure* § 775 & n.20 (4th ed.). This Court has jurisdiction of this appeal under 28 U.S.C. § 1291. *See* 18 U.S.C. § 3145(c).

## ISSUE PRESENTED

Gill stands credibly accused of four methamphetamine-trafficking offenses, each of which carries a mandatory-minimum sentence of 10 years in prison. When Gill was arrested, she took police on a high-

speed chase, and she fled on foot, discarding an ounce of
methamphetamine, before police caught her.   While in jail, Gill tried to
escape by climbing through a dislodged ceiling tile.   Did the district
court clearly err by ordering Gill's pretrial detention?

## STATEMENT OF THE CASE

### A.    Gill distributes large quantities of methamphetamine, flees police when caught, and later tries to escape from the local jail.

During 2019 and 2020, Gill supplied co-defendants with large
quantities of methamphetamine, delivering that methamphetamine to
co-defendants in western North Carolina.   J.A. 39–40.   In March of
2020, police learned that Gill was traveling from Atlanta to Rebecca
Lynn Barker's home in Haywood County, North Carolina, with a
shipment of methamphetamine.   J.A. 7, 40.   After Gill left Barker's
home, sheriff's deputies from Haywood County pulled behind Gill's car
in an attempt to execute a traffic stop.   J.A. 40–41.   Gill accelerated to
a speed in excess of 80 miles per hour, and she was driving erratically
on the wrong side of two-lane, curvy roads.   J.A. 41–42.

2

Gill eventually reached a dead end, and when she stopped, she jumped out of her car and began fleeing on foot, discarding items as she fled.   J.A. 41.   A sheriff's deputy was able to overtake Gill and take her to the ground, but she continued to fight and resist arrest.   J.A. 41. When the deputy was unable to see one of Gill's hands and drew his weapon, demanding that Gill show him her hand, Gill did not comply. J.A. 41.   Once the deputy was able to see Gill's hands, he reholstered his firearm and was able to gain control of Gill.   J.A. 41.   The deputy dragged Gill to his patrol car and was able to handcuff her.   J.A. 41. The deputy then retrieved a bag that Gill had discarded as she fled. J.A. 41.   On the bag was a distinctly drawn pink smiley face.   J.A. 41. The bag contained more than an ounce of crystal methamphetamine. J.A. 41.

Later that day, police executed a search warrant at Barker's home and recovered more than six ounces of methamphetamine, more than $7,000 in cash, and a shotgun.   J.A. 42.   On one of the bags containing methamphetamine was a hand-drawn pink smiley face similar to the smiley face drawn on the bag discarded by Gill.   J.A. 43.   Police

3

examined electronic transactions between Barker and Gill and found more than 20 transactions between July of 2019 and March of 2020 totaling more than $23,000.   J.A. 43.   This amount corresponds with more than 57 ounces of methamphetamine.   J.A. 43.

David Cresen, Christy Trull, and Richard Swanger three of Gill's co-defendants, reported that Gill was a methamphetamine supplier. J.A. 44–45.   Cresen told police that he had bought multiple ounces of methamphetamine from Gill on multiple occasions and that he had received a pound of methamphetamine from Gill on the day she was arrested.   J.A. 44.   Trull reported that she was present when Cresen received that delivery.   J.A. 44.   Swanger told police that he bought approximately 168 grams of methamphetamine from Gill in quarter and half ounces.   J.A. 45.

In April of 2020, approximately a month after she was arrested and charged with five drug-trafficking offenses and fleeing to elude arrest, Gill tried to escape from the Haywood County jail.   J.A. 45, 96. Gill was in one of the holding cells at the jail, and she was caught trying

4

to climb through the ceiling where a ceiling tile had "popped out."   J.A.

45.

"[Q]uite a while after" this attempted escape — in early 2021 — a

North Carolina state court released Gill on bond.   J.A. 57–58, 63, 66.

Gill has lived in Columbia, South Carolina, for most of her life.   J.A.

90.   Gill's sister-in-law reports that "she has never known [Gill] to

work."   J.A. 91.

## B.    The district court orders Gill detained pretrial.

A federal grand jury indicted Gill and charged her and 22 others

with conspiracy to distribute and to possess with intent to distribute at

least 50 grams of actual methamphetamine and at least 500 grams of a

methamphetamine mixture, 21 U.S.C. § 846.   J.A. 8–9.   Gill was also

charged with three counts of possessing with intent to distribute at

least 50 grams of actual methamphetamine, 21 U.S.C. § 841(a)(1).   J.A.

17–19.   If Gill is convicted of any one of these offenses as charged, 21

U.S.C. § 841(b)(1)(A) requires the district court to sentence Gill to no

less than 10 years and up to life in prison.   21 U.S.C.

§ 841(b)(1)(A)(viii).

5

On August 1, 2021, Gill was in a car accident and broke a vertebra in her neck. J.A. 92. Later that month, Magistrate Judge W. Carleton Metcalf conducted an arraignment and detention hearing. J.A. 31. DEA task force officer Brian Leonard testified about Gill's offense conduct, her arrest, and her prior escape attempt. J.A. 38–58.

The magistrate judge granted the United States' request to detain Gill pending trial. J.A. 28–30. The magistrate judge found that there was a rebuttable presumption in favor of detention because there is probable cause to believe that Gill committed an offense for which a maximum sentence of at least 10 years is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* J.A. 28, 35. The magistrate judge found that Gill had not introduced "sufficient evidence to rebut the presumption" and that there existed no condition or combination of conditions of release that would reasonably assure the public's safety or reasonably assure Gill's appearance. J.A. 29. The magistrate judge found that the weight of the evidence against Gill is strong, she is subject to a lengthy period of incarceration, she has a history of alcohol

6

or substance abuse, and there had been prior attempts to evade law enforcement, including a previous escape attempt.   J.A. 29–30.

Gill asked the district court to revoke the magistrate judge's detention order, and on a de novo review of that order and "[h]aving conducted an independent review of the audio recording and transcript of the detention hearing," the district court denied Gill's motion.   J.A. 69, 71, 74–75.   The court considered the nature and circumstances of the charges against Gill, the weight of the evidence against her, her history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by her release and concluded that Gill had not rebutted the presumption that no condition or combination of conditions would reasonably assure Gill's appearance or the safety of the community.   J.A. 72–73.   The court explained that the charged offense conduct involved a controlled substance and that "the weight of the evidence against [Gill] appear[ed] compelling."   J.A. 73.   The court also considered Gill's history of attempting to flee police on two occasions — first, when she took police

7

on a high-speed car chase followed by a foot chase and, second, when she tried to escape from the Haywood County jail.    J.A. 74.

## ARGUMENT

**The district court properly ordered Gill's pretrial detention.**

### A.    Standard of Review

This Court ordinarily reviews "the final detention order of the district court . . . under a clearly erroneous standard" of review.    *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc); *see also United States v. Singh*, No. 21-4249, 2021 WL 2623423, at *1 (4th Cir. June 25, 2021) (unpublished decision).    Under this standard of review, this Court "may not reverse . . . simply because it would have reached a different decision in the case."    *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019).    This court reverses under a clear-error standard of review only if, "based on the entire body of evidence, 'it is left with the definite and firm conviction that a mistake has been committed.'"    *Id.* at 912 (quoting *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012)).    It has described the question on appeal as "whether the evidence as a whole supports the conclusions of the

8

proceedings below" and has placed emphasis on the requirement of "deference to the determination of the district court."   *United States v. Stewart*, 19 F. App'x 46, 47 (4th Cir. 2001) (unpublished decision) (citation omitted).

## B.   Discussion

The district court properly ordered Gill's detention pending her trial for methamphetamine trafficking.   The district court was obligated to detain Gill upon finding by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."   *Clark*, 865 F.2d at 1436; 18 U.S.C. § 3142(e).

The district court's finding that "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," J.A. 71, is not clearly erroneous.   As the district court correctly explained, Congress directed the "judicial officer" to consider four factors "in determining whether there are conditions of release that will reasonably assure . . . the safety of any other person

9

and the community."   18 U.S.C. § 3142(g).   Each of these factors supports the district court's finding.

First, "[t]he nature and circumstances of the offense charged," 18 U.S.C. § 3142(g)(1), demonstrate the risk Gill poses to the public.   Gill trafficked in large quantities of methamphetamine, transporting the drug from out of state and distributing it in small communities in western North Carolina, where local dealers divided it and sold it. These offenses were not Gill's first drug-trafficking charges.   Gill had previously been charged with felony drug-trafficking offenses and resolved those charges through her service of a period of supervised release.   The district court reasonably found that this factor weighed in favor of detention.

Second, "the weight of the evidence against" Gill, 18 U.S.C. § 3142(g)(2), as characterized by the district court, is "compelling."   J.A. 73.   An investigating officer testified that after Gill fled police in March 2020, police seized more than an ounce of crystal methamphetamine that Gill had discarded.   Three of Gill's co-defendants reported that she supplied the conspiracy with methamphetamine, and when police

10

executed a search warrant at another of Gill's co-conspirator's homes, they found six ounces of methamphetamine. Some of that methamphetamine was packaged in a bag with the same distinctive markings that were on the bag Gill discarded as she was fleeing the police. Cresen testified that on the day Gill was arrested, she had delivered 16 ounces of methamphetamine to him. This evidence is strong evidence that Gill is guilty of the offenses the grand jury has charged *and* that she presents a serious danger to the community.

Third, Gill's "history and characteristics" support the district court's detention order. 18 U.S.C. § 3142(g)(3). Relevant considerations include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties." 18 U.S.C. § 3142(g)(3)(A). Considerations specified by statute also include the defendant's "past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." *Id.*

11

The district court properly considered the totality of Gill's history and characteristics and appropriately found that positive considerations did not outweigh those indicating a danger that release conditions could not appropriately mitigate.   As Gill notes, she has lived most of her life in the same South Carolina city, but her sister-in-law reported that "she has never known [Gill] to work."   J.A. 91.   And along with her history of drug trafficking, Gill has a history of substance abuse that began at the age of 15 years.   J.A. 92.

Most importantly, Gill has a history of trying to escape or avoid detention.   Gill took arresting officers in this case on a dangerous car chase, during which Gill reached speeds of 80 miles per hour while traveling on the wrong side of curvy, two-lane roads.   J.A. 41.   When Gill was forced to stop when she came to a dead end, she jumped out of the car and tried to get rid of incriminating evidence, failing to yield to the police officer's authority, even after he put Gill on the ground and demanded to see her hands.   A month after she was detained, she tried to escape from the Haywood County jail by trying to crawl into the ceiling space created when a ceiling tile fell.   The district court

12

reasonably concluded that Gill's "history of flight attempts weigh[ed] in favor of detention." J.A. 74.

Finally, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," 18 U.S.C. § 3142(g)(4), well supports the district court's detention order. Both Gill's offense conduct and her effort to escape the consequences of that conduct by taking police on a dangerous high-speed car chase demonstrate the threat Gill poses to the community. Gill brought large quantities of a harmful drug to the small communities of western North Carolina, delivering at least 16 ounces of methamphetamine on the day she was finally arrested. And it is fortunate — but was by no means certain — that Gill's taking police on a high-speed chase down small two-lane roads did not result in injury or death. The danger apparent from Gill's prior conduct reflects the nature and seriousness of the danger her release would present, particularly in the light of her repeated efforts to escape responsibility for her conduct.

The district court considered Gill's argument that she had shown that she was not a threat to the community because she had been on

13

bond from the state-court charges for approximately six months, *see* J.A. 74, and reasonably found that Gill's release by the state court was not enough to outweigh the section 3142(g) factors that weighed in favor of detention.   Gill faced a significantly lower sentencing range for her state-court offenses.   At most, assuming Gill is found responsible for trafficking more than 200 grams but less than 400 grams of methamphetamine, she is subject to a maximum sentence of 10 years in prison.   *See* N.C. Gen. Stat. § 90-95(h)(3b)(b).   If Gill is convicted of the charges she faces in this case, she would be subject to a *minimum* of 10 years in prison and a maximum of life in prison.   *See* 21 U.S.C. § 841(b)(1)(A)(viii).   Because Gill faces a much higher potential sentence if convicted of her federal charges, she is more likely to want to escape responsibility for those charges.

    The court also reasonably concluded that Gill's car accident and neck injury were insufficient to rebut the presumption of detention. There was no evidence that Gill could not get the medical care she needed while in detention, nor did Gill present any evidence that she would be unable to traffic in methamphetamine or unable to abscond

because of her neck injury.   Gill's history and characteristics, the

nature and circumstances of her offense conduct, and the weight of the

evidence against her amply support the district court's finding that Gill

had not rebutted the presumption in favor of detention for a defendant

charged with offenses as serious as hers.

This Court should reject Gill's suggestion that the district court

applied the wrong legal standard when finding that the section 3142(g)

factors weighed in favor of detention.   As directed by section 3142, the

district court presumed that Gill should be detained but considered the

section 3142(g) factors and Gill's arguments in favor of release when

determining whether that presumption had been rebutted.   Gill

suggests that she only needed to provide "some evidence" that she is not

a risk of danger or flight to rebut the presumption of detention, relying

on out-of-circuit authority that is more than 30 years old to support this

assertion.   Def. Br. at 8–9.   That authority, however, does not support

Gill's argument that the district court applied the wrong legal standard.

In *United States v. Jessup*, the First Circuit held that as long as the

defendant has presented some evidence that he is not a danger or a

flight risk and the judge "has evaluated all of the evidence with Congress's view of the general problem in mind," a court *may* release the defendant.   757 F.2d 378, 384 (1st Cir. 1985).   The court in *Jessup* made clear, however, that the presumption of detention "does not cease to have effect once the defendant has come forward with some evidence" but "continues to operate as one factor to be considered by the court in determining whether the defendant must be detained."   *Id.* at 383. The Seventh Circuit held the same in *United States v. Dominguez*, adopting *Jessup*'s analysis.   783 F.2d 702, 707 (7th Cir. 1986).

These decisions offer Gill no assistance because both courts made clear that a district court may properly consider the presumption in favor of detention even if a defendant presents evidence in favor of release.   And nothing in the district court's order suggests that the district court misunderstood its authority to grant Gill's request for release.   The district court reasonably concluded that the section 3142(g) considerations weighed in favor of detention and that Gill's arguments in favor of release did not sufficiently rebut the statutory presumption in favor of detention.

16

## **<u>CONCLUSION</u>**

The district court properly ordered Gill's pretrial detention and did not clearly err in finding that the statutory factors weighed in favor of detention.   The United States, therefore, respectfully requests that this Court affirm the district court's detention order.

Respectfully submitted, this 4th day of October, 2021.

> WILLIAM T. STETZER
> ACTING UNITED STATES ATTORNEY
> s/ Amy E. Ray
> Amy E. Ray
> NC Bar Number # 22762
> Assistant United States Attorney
> U.S. Courthouse, Room 233
> 100 Otis Street
> Asheville, North Carolina 28801
> Telephone: (828) 271-4661
> Fax: (828) 271-4670
> E-mail: Amy.Ray@usdoj.gov

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served a copy of the above upon Defendant herein by serving her attorney of record, Howard W. Anderson III, through electronic case filing.

This 4th day of October, 2021.

s/ Amy E. Ray
Assistant United States Attorney
USAO Asheville, NC