# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 21-4502

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*vs.*

JANE IVISON GILL,

*Defendant-Appellant.*

On Appeal from an Order of Detention from the
U.S. District Court for the Western District of North Carolina
D. Ct. No. 1:21-cr-00070-MR-WMC-12
Hon. Martin Reidinger, *Chief U.S. District Judge*

## Memorandum Reply Brief for
## Jane Ivison Gill

Howard W. Anderson III
LAW OFFICE OF
HOWARD W. ANDERSON III, LLC
P.O. Box 661
Pendleton, SC 29633-0851
864-643-5790
howard@hwalawfirm.com
*CJA Counsel*

# Table of Contents

Table of Contents ...................................................................i

Table of Authorities.............................................................ii

Argument................................................................................1

    I.    The District Court Applied the Wrong Standard. .........................1

    II.   This Court Should Order Release on Conditions. .........................3

Conclusion ............................................................................5

Certificate of Compliance with Rule 32 ...............................7

Certificate of Service .........................................................7

<h1 style="text-align:center">TABLE OF AUTHORITIES</h1>

## Cases

*United States v. Abad*, 350 F.3d 793 (8th Cir. 2003) ................................2

*United States v. Alatishe*, 768 F.2d 364 (D.C. Cir. 1985) ........................2

*United States v. Carbone*, 793 F.2d 559 (3d Cir. 1986) ...........................2

*United States v. Clark*, 865 F.2d 1433 (4th Cir. 1989) *(en banc)* ............3

*United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) .....................2

*United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985) ............................2

*United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008) ................................2

*United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985) ........................1, 2

*United States v. McPherson*, 756 F. App'x 282 (4th Cir. 2018) ...............1

*United States v. Rodriguez*, 950 F.2d 85 (2d Cir. 1991) .........................2

*United States v. Singh*, No. 21-4249, 2021 U.S. App. LEXIS 19020 (4th Cir. June 25, 2021) ...............................................................................3

*United States v. Stone*, 608 F.3d 939 (6th Cir. 2010) ..............................2

*United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991) .....................2

## Statutes

21 U.S.C. § 841 .........................................................................................4

N.C. Gen. Stat. § 90-95...............................................................................4

**ARGUMENT**

Defendant-Appellant Jane Ivison Gill respectfully replies as follows to the Government's Opposition.

## I. The District Court Applied the Wrong Standard.

Not even the Government disputes that a misapplication of the burden of proof constitutes clear error. *See* [Opp. 15-16]. *See also, e.g.*, *United States v. McPherson*, 756 F. App'x 282, 284 (4th Cir. 2018) ("A district court commits clear error when it shifts the burden of proof to a defendant." (citation omitted)). Contrary to the Government's claims, the district court did just that.

In Ms. Gill's Opening Memorandum, she showed that then-Judge Bryer's opinion in *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), holds that a defendant need only present "some evidence" to rebut the statutory presumption of detention. *See* [Open. Mem. at 8-9]. The Government does not dispute that the Pretrial Services Officer's recommendation for release and/or 6 months of good conduct while on bond for the state version of the federal charges would satisfy that standard. *See* [Opp. at 15-16]. The Government tries to minimize the persuasive force for *Jessup* by noting its age and out-of-circuit status. [Opp. at 15]. But

the Government does not contend that this Circuit has ever rejected *Jessup*'s "some evidence" test, *see* [Opp. 16].[1] In fact, this Circuit appears to be the only one where the test is not already settled law.[2]

While the Government is correct that under the "some evidence" test, a rebutted statutory presumption remains a factor for consideration, [Opp. at 16], the Government overlooks the important upshot of meeting that evidentiary burden. Once a defendant does so, the burden becomes the Government's to justify the need for detention. *See Jessup*, 757 F.2d at 380-81 (holding that once the initial burden of production is met, the Government bears the burden of persuasion and thus a defendant does not "have to *prove* that he would not flee" (original emphasis)).

---

[1] As indicated in the Opening Memorandum, a published opinion setting forth the proper standards in this Circuit would benefit both the bench and bar.

[2] *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986); *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986); *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

Here, because the district court erroneously thought that sufficient evidence had not been introduced to rebut the presumption of detention, it never threw the burden back to the Government to justify detention. [IA 074 ("[T]he Defendant has not rebutted the presumption of detention. Accordingly, the Defendant's motion to revoke or amend the detention order is denied.")]. That was clear error.

## II. This Court Should Order Release on Conditions.

While the district court's legal error could merit a remand for reconsideration, this Court has in the past proceeded to order bail directly when a district court errs. *See, e.g.*, *United States v. Singh*, No. 21-4249, 2021 U.S. App. LEXIS 19020, at *3 (4th Cir. June 25, 2021) (ordering release after finding that the district court's detention decision included findings not supported by the record). Release on conditions was the appropriate disposition below given the high bar for the Government to actually prove a need for detention. *See United States v. Clark*, 865 F.2d 1433, 1435-36 (4th Cir. 1989) *(en banc)* (explaining that a court can detain a defendant before trial if the court "finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any

other person and the community." (quotation omitted)). The Government failed to clear that bar here.

As an initial matter, Ms. Gill would note that the Government's Response—like the district court's opinion below—does not even mention the Pretrial Services Officer's Recommendation that Ms. Gill be released on conditions. *Compare* [IA 097], *with* [Opp. at 1-16] *and with* [IA 072-73 ("While the Defendant has been released on bond for related state charges, the Court finds and concludes that the Defendant has failed to rebut the presumption of Detention.")].

In terms of risk of flight, everyone agrees that Ms. Gill's state charges relate to these federal charges. Yet she did not flee, or even attempt to do so—during the more than six months she was out on state bond. *See* [IA 066]. Further, the Government's contrast of the penalties between N.C. Gen. Stat. § 90-95(h)(3b)(b) and 21 U.S.C. § 841(b)(1)(A)(vii) is inapt. *See* [Opp. at 14]. While the Government is happy to point out that the state statute sets a 10-year maximum, the Government neglects to mention that a conviction also sets "a minimum term of 90 months." N.C. Gen. Stat. § 90-95(h)(3b)(b). Nor does the Government mention the other

charges that Ms. Gill faces in state court, *see* [IA 096], consecutive sentences on even some of which could result in a sentence that would exceed any likely Guideline sentence here.

In terms of community danger, the Government is wrong to suggest that merely being charged with drug crimes proves that Ms. Gill would sell drugs if not detained before trial. *See* [Opp. at 10-11]. Such a claim stands in contrast to the presumption of innocence afforded to every criminal defendant. It also stands in contrast to her behavior during the six months in which she was out on bond, which even the Government's witness conceded on cross-examination was a period without criminal activity on her part. [IA 057-58].

To the extent that the Government suggests that Ms. Gill's driving is a danger, *see* [Opp at 13], the state judge granting her a bond did not think only jail could mitigate that risk. Nor did the Pretrial Services Officer. *See* [IA 097-98].

## CONCLUSION

The Court should reverse the judgment below and order Ms. Gill released on conditions. Alternatively, it should vacate the order below and remand for reconsideration under the correct legal standards.

Dated: October 5, 2021, at Pendleton, South Carolina.

Respectfully submitted,

Jane Ivison Gill

<u>s/Howard W. Anderson III</u>
Howard W. Anderson III

Howard W. Anderson III
Law Office of
Howard W. Anderson III, LLC
P.O. Box 661
Pendleton, SC 29633-0851
864-643-5790
howard@hwalawfirm.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32

I hereby certify that this brief complies with the typeface requirement of Fed. R. App. Pro. 32(a)(5) because it was composed using MS Word's proportionally spaced Century Schoolbook typeface, with 14-point font.

I also certify that the brief complies with the type-volume limitation of Fed. R. App. Pro. 32(a)(7)(B) because it contains 1051 words.

s/Howard W. Anderson III
Howard W. Anderson III

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Howard W. Anderson III
Howard W. Anderson III